Argued and submitted September 13, order modified and affirmed October 30, 1985

## CITY OF RAJNEESHPURAM et al,
*Petitioners,*

*v.*

## LAND CONSERVATION AND DEVELOPMENT COMMISSION et al,
*Respondents.*

(83-CONT-111; CA A29615)

708 P2d 1152

Ma Prem Sangeet, City Attorney, Rajneeshpuram, argued the cause and filed the reply brief for petitioner City of Rajneeshpuram. With her on the petitioners' brief were Allen L. Johnson, and Johnson & Kloos, Eugene.

Allen L. Johnson, and Sullivan, Josselson, Johnson & Kloos, Eugene, filed the reply brief for petitioner Rajneesh Neo-Sannyas International Commune.

Jeff Bennett, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Mark J. Greenfield, Portland, argued the cause and filed the brief for respondent 1000 Friends of Oregon.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The city of Rajneeshpuram and a companion peti-
tioner (collectively, the city) seek review of the same LCDC
continuance order that we considered in *1000 Friends of
Oregon v. LCDC,* 76 Or App 46, 708 P2d 1147 (1985). Our
opinion in that case resolves four of the city's five assign-
ments. The remaining assignment is that LCDC erred by
including the following statement in its order:

> "The staff report under Goal 14 clearly indicates that the
> acknowledgment review is predicated upon the basic assump-
> tion that Rajneeshpuram is a lawfully created city. Although
> the issue is being contested before LUBA and in the court
> system, the Commission has decided to complete its review
> responsibility under ORS 197.251. Therefore, this order is
> based upon the assumption that the city is lawfully created. If
> LUBA or a court of competent jurisdiction decides that the
> city is not lawfully created, this order is without effect because
> the Commission's review authority under ORS 197.251 is
> limited to local government requests."

LCDC has the authority and the duty to review the
comprehensive plans and land use regulations of incorporated
cities pursuant to ORS 197.251. It is implicit in that authority
that LCDC may satisfy itself that an entity seeking com-
pliance review *is* a *formally* incorporated city at the time it
requests review and at the time LCDC acts on the request.
However, LCDC does not have the authority to decide in an
acknowledgment proceeding how a city may subsequently lose
its corporate status or what the consequences of that loss
would be. *See* note 1, *infra; 1000 Friends of Oregon v. LCDC,
supra.*

Those matters are for the legislature. *See* ORS
221.610 to 221.650; 221.785. LCDC cites, and we find, nothing
to suggest that the legislature has delegated authority over
those matters to LCDC.[1] Moreover, the very detailed options
ORS 197.251 gives LCDC in acknowledgment proceedings do
not include the authority to make an acknowledgment or
continuance order subject to defeasance by a condition subse-
quent. We therefore agree with the city's view:

---

[1] LCDC states in its brief, in connection with a different issue:

> "Whether a city incorporation complies with the goals is not a matter that
> ORS chapter 197 contemplates be reviewed in an acknowledgment proceeding."

"When and if any forum again declares the incorporation to have been invalid, that will be the time to determine, using the appropriate principles, the effect of that decision upon the city, its plan * * *, and the acknowledgment *[sic]* order under review."

The effect of the city's loss of its incorporated status, if that occurs, will be governed by applicable law rather than by caveats in LCDC's orders. However, it is difficult to understand what comfort the city takes from that fact. Inexplicably, the parties and LCDC have focused their arguments in this case on the fact that a city must *be* incorporated in order to *seek acknowledgment.* They have given little if any attention to whether a city must *remain* incorporated in order to *have* a comprehensive plan and implementing ordinances. *See, e.g.,* ORS 197.010(1), 197.010(5), 197.015(5), 197.015(11), 197.015(12).

Order modified to delete conclusion 5; otherwise affirmed.